■ In the Matter of KEISHAUN P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TYRONE P., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of RILEY P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TYRONE P., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of JAIDEN P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TYRONE P., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of JORDIN P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TYRONE P., Appellant, et al., Respondent. (Proceeding No. 4.) [34 NYS3d 176]—

Appeals from (1) an order of fact-finding of the Family Court, Kings County (Amanda E. White, J.), dated January 28, 2015, and (2) an order of disposition of that court dated April 21, 2015. The order of fact-finding, insofar as appealed from, upon granting the petitioner's motion for summary judgment, found that the appellant derivatively severely abused the child Riley P. The order of disposition, insofar as appealed from, granted the petitioner's motion pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite the appellant and the child Riley P. are no longer required.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-

finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The Administration for Children's Services (hereinafter ACS) filed petitions alleging, inter alia, that the appellant severely abused the children Jaiden P., Jordin P., and Keishaun P., for whom he was legally responsible, and derivatively severely abused his biological child Riley P. During a fact-finding hearing on the petitions, the appellant was convicted in the Supreme Court, Kings County, upon his plea of guilty, of attempted course of sexual conduct against a child in the first degree in violation of Penal Law § 130.75 (1) (a), with respect to acts he committed against the child Jaiden P. Following the appellant's conviction, the fact-finding hearing was suspended and ACS moved, inter alia, for summary judgment against the appellant. In an order of fact-finding dated January 28, 2015, the Family Court found, inter alia, that the appellant severely abused Jaiden P. and derivatively severely abused Jordin P., Keishaun P., and Riley P.

Thereafter, ACS moved pursuant to Family Court Act § 1030 (b) for a finding, inter alia, that reasonable efforts to reunite the appellant with the children are no longer required. The appellant did not oppose the motion. In an order of disposition dated April 21, 2015, the Family Court, among other things, granted ACS's motion.

On his appeal from the order of fact-finding, the appellant does not challenge the propriety of the Family Court's decision based on the doctrine of collateral estoppel to grant ACS's motion for summary judgment on the issue of whether he severely abused Jaiden P. He also does not challenge the findings of derivative severe abuse as to the children Jordin P. and Keishaun P. The appellant only argues that ACS did not establish that he derivatively severely abused the child Riley P. and, therefore, the Family Court should not have granted summary judgment on that issue. We do not agree. The evidence in this case established that the appellant derivatively severely abused Riley P. (see Family Ct Act § 1046 [a] [i]; Matter of Marino S., 100 NY2d 361, 373-374 [2003]; Matter of Yamillette G. [Marlene M.], 74 AD3d 1066, 1067-1068 [2010]; Matter of Desiree C., 7 AD3d 522, 524 [2004]; Matter of Sarah L., 207 AD2d 1016, 1017 [1994]).

The appellant also appeals from so much of the order of disposition as granted ACS's motion pursuant to Family Court

Act § 1039-b for a finding that reasonable efforts to reunite him with the child Riley P. are no longer required. He points out in this regard that Family Court Act § 1039-b provides that "reasonable efforts to make it possible for the child to return safely to his or her home shall not be required where the court determines that" a circumstance enumerated under the statute exists "unless the court determines that providing reasonable efforts would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of the parent and the child in the foreseeable future" (Family Ct Act § 1039-b [b]). He argues, therefore, that the inquiry does not end once the Family Court determines that an enumerated circumstance in Family Court Act § 1039-b exists because ACS must still prove that reasonable efforts would not be in the best interests of the child, contrary to the health and safety of the child, and would not likely result in the reunification of the parent and the child in the foreseeable future. He contends that ACS failed to establish the inapplicability of this exception and, therefore, the Family Court should have denied the motion. This issue is unpreserved for appellate review because the appellant did not oppose ACS's motion (*see generally Matter of Aaron W. v Shannon W.*, 96 AD3d 960, 961 [2012]; *Matter of Yamillette G. [Marlene M.]*, 74 AD3d at 1068). In any event, the argument lacks merit, as the burden is on the parent to establish the applicability of the exception, which the appellant did not do (*see Matter of Alexandryia M.B. [Heather C.]*, 130 AD3d 1022, 1022 [2015]; *Matter of Skyler C. [Satima C.]*, 106 AD3d 816, 818 [2013]). Balkin, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.