In the Matter of IRIS G. WESTCHESTER COUNTY DEPART-MENT OF SOCIAL SERVICES, Respondent; ANGEL G., Appellant. (Proceeding No. 1.) In the Matter of IVETTE G. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANGEL G., Appellant. (Proceeding No. 2.) [41 NYS3d 538]—

Appeal by the father from an order of fact-finding and disposition of the Family Court, Westchester County (Michelle I. Schauer, J.), dated April 23, 2015. The order of fact-finding and disposition, upon a decision of that court dated February 5, 2015, made after a fact-finding hearing, and after a dispositional hearing, found that the father derivatively neglected the subject children and awarded custody to the mother.

Ordered that on the Court's own motion, the notice of appeal from the decision dated February 5, 2015, is deemed to be a premature notice of appeal from the order of fact-finding and disposition dated April 23, 2015 (see CPLR 5520 [c]); and it is further

Ordered that the order of fact-finding and disposition dated April 23, 2015, is affirmed, without costs or disbursements.

The petitioner established by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]) that the father derivatively neglected the subject children (see Family Ct Act § 1012 [f] [i] [B]). Where a person's conduct toward one child demonstrates a fundamental defect in the parent's understanding of the duties of parenthood (see Matter of Jeremiah I.W. [Roger H.W.], 115 AD3d 967, 969 [2014]; Matter of Monica C.M. [Arnold A.], 107 AD3d 996, 997 [2013]), or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in his or her care (see Matter of Amber C., 38 AD3d 538, 540 [2007]; Matter of Dutchess County Dept. of Social Servs. [Noreen K.], 242 AD2d 533, 534 [1997]), an adjudication of derivative neglect with respect to the other children is warranted. In determining whether a child born after the underlying acts of abuse should be adjudicated derivatively neglected, the "determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists" (Matter of Elijah O. [Marilyn O.], 83 AD3d 1076, 1077 [2011] [internal quotation marks omitted]; see Matter of Jeremiah I.W. [Roger H.W.], 115

AD3d at 969). In such a case, "the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future" (*Matter of Jeremiah I.W. [Roger H.W.]*, 115 AD3d at 969 [internal quotation marks omitted]; *see Matter of Jamarra S. [Jessica S.]*, 85 AD3d 803, 804 [2011]).

Here, a finding that the father derivatively neglected the subject children was warranted under the circumstances, since the evidence established that the father had sexually abused the children's mother, from the time she was eight years old until she was 18, while he lived with her in her mother's home, and acted as a stepfather to her. In addition, there was evidence that the father had previously been imprisoned after pleading guilty to the attempted sexual abuse of a 14-year-old girl. Given the father's refusal to admit any wrongdoing, despite his guilty plea, and his failure to establish that he attended any treatment to address his proclivity for sexually abusing children, an adjudication of derivative neglect is appropriate, as there is a fundamental defect in the father's understanding of the duties of parenthood (*see Matter of Cashmere S. [Rinell S.]*, 125 AD3d 543, 544 [2015]; *Matter of Ahmad H.*, 46 AD3d 1357, 1357-1358 [2007]). Contrary to the father's contentions, the Family Court's assessment of his credibility, as well as the mother's, is entitled to deference and will not be disturbed since it is supported by the record (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]; *Matter of Kyra S. [Kirtan D.S.]*, 128 AD3d 970, 971 [2015]; *Matter of Joseph O'D. [Denise O'D.]*, 102 AD3d 874, 875 [2013]).

Moreover, viewed in totality, the record demonstrates that the father was afforded the effective assistance of counsel (*see* Family Ct Act § 262 [a] [i]; *Matter of Alexander C. [Cassandra C.]*, 110 AD3d 1067, 1068 [2013]; *Matter of Darrell W. [Tenika C.]*, 110 AD3d 1088, 1089 [2013]; *Matter of Dylan Mc. [Michelle M. Mc.]*, 105 AD3d 1049, 1050 [2013]).

The father's remaining contention is without merit. Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.