Appeal by the mother from an order of the Family Court, Richmond County (Arnold Lim, J.), dated November 29, 2016. The order, after a hearing, granted the petitioner’s motion pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite the mother with the subject child were no longer required.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The petitioner commenced this neglect proceeding pursuant to Family Court Act article 10. In December 2015, the Family Court determined that the mother neglected the subject child, and placed the child in the custody of the Commissioner of the petitioner, the Administration for Children’s Services, to reside in foster care with the petitioner until the next permanency hearing. In March 2016, the mother’s parental rights to the subject child’s older siblings were terminated on the ground of permanent neglect. Thereafter, the petitioner moved pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite the mother with the subject child were no longer required. In the order appealed from, the court, after a hearing, granted the petitioner’s motion.
 

 “[W]hen a child has been removed from the home based on alleged abuse or neglect . . . the social services official responsible for the child must attempt to reunite the child with the birth parent; this includes efforts at rehabilitation so as to render the parent capable of caring for the child” (Matter of Marino S., 100 NY2d 361, 368 [2003]). However, Family Court Act § 1039-b provides that “ ‘[i]n conjunction with, or at any time subsequent to, the filing of a[n abuse or neglect] petition . . . , the [presentment agency] may file a motion upon notice requesting a finding that reasonable efforts to return the child to his or her home are no longer required’ ” (Matter of Dashawn W. [Antoine N.], 21 NY3d 36, 50 [2013], quoting Family Ct Act § 1039-b [a]). Under the statute, the presentment agency is relieved of having to show reasonable efforts in certain circumstances, including when “the parental rights of the parent to a sibling of [the subject] child have been involuntarily terminated” (Family Ct Act § 1039-b [b] [6]; see Matter of Alexandryia M.B. [Heather C.], 130 AD3d 1022 [2015]), “unless the court determines that providing reasonable efforts would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of the parent and the child in the foreseeable future” (Family Ct Act § 1039-b [b]; see Matter of Keishaun P. [Tyrone P.], 140 AD3d 1171, 1173 [2016]).
 

 Here, in support of its motion, the petitioner demonstrated that the mother’s parental rights had been involuntarily terminated with respect to the subject child’s older siblings (see Matter of Alexandryia M.B. [Heather C.], 130 AD3d at 1022; Matter of Skyler C. [Satima C.], 106 AD3d 816, 817-818 [2013]). In opposition, the mother failed to establish that “reasonable efforts” should nonetheless still be required under the exception provided for in Family Court Act § 1039-b (b) (see Matter of Skyler C. [Satima C.], 106 AD3d at 818; Matter of Jacob E. [Valerie E.], 87 AD3d 1317, 1318 [2011]).
 

 The mother’s remaining contention is without merit (see Matter of Keishaun P. [Tyrone P.], 140 AD3d at 1173; Matter of Skyler C. [Satima C.], 106 AD3d at 818).
 

 Accordingly, the Family Court properly granted the petitioner’s motion pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite the mother with the subject child were no longer required.
 

 Eng, P.J., Roman, Miller and Christopher, JJ., concur.