Matter of Riley C. P. (Tyrone P.) (2018 NY Slip Op 00558)





Matter of Riley C. P. (Tyrone P.)


2018 NY Slip Op 00558


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-08313
 (Docket No. B-15560-15)

[*1]In the Matter of Riley C. P. (Anonymous). HeartShare St. Vincent's Services, petitioner- respondent; Tyrone P. (Anonymous), respondent- appellant, et al., respondent.


Lisa Lewis, Brooklyn, NY, for respondent-appellant.
Wingate, Kearney & Cullen, LLP, Brooklyn, NY (Kreuza Ganolli of counsel), for petitioner-respondent.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler and John A. Newbery of counsel), attorney for the child.



DECISION & ORDER
Appeal from an order of fact-finding and disposition of the Family Court, Kings County (Lillian Wan, J.), dated June 1, 2016. The order, insofar as appealed from, upon an order of that court dated March 2, 2016, granting that branch of the petitioner's motion which was for summary judgment on the issue of whether the father severely abused the subject child, and after a dispositional hearing, found that the father severely abused the subject child, terminated his parental rights, and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
In 2012, the Administration for Children's Services (hereinafter ACS) filed petitions pursuant to Family Court Act article 10 alleging, inter alia, that the father severely abused the child Jaiden P. (hereinafter Jaiden), for whom he was legally responsible, and derivatively severely abused his biological child Riley C. P. (hereinafter Riley), Jaiden's brother. During the fact-finding hearing on the petitions, the father was convicted in the Supreme Court, Kings County, upon his plea of guilty, inter alia, of attempted course of sexual conduct against a child in the first degree in violation of Penal Law § 130.75(1)(a), with respect to acts he committed against Jaiden. Following the father's conviction, the fact-finding hearing was suspended and ACS moved, among other things, for summary judgment against the father on the issue of whether he severely abused Jaiden and derivatively severely abused Riley within the meaning of Social Services Law § 384-b(8)(a)(ii). In an order of fact-finding dated January 28, 2015, the Family Court found, by clear an convincing evidence, that the father severely abused Jaiden and derivatively severely abused Riley. Thereafter, ACS moved pursuant to Family Court Act § 1039-b for a finding, among other things, that reasonable efforts to reunite the father with Riley were no longer required. The Family Court granted that motion, which the father did not oppose.
On the father's prior appeal, this Court affirmed the finding that he derivatively severely abused Riley within the meaning of Social Services Law § 384-b(8)(a)(ii) (see Matter of Keishaun P. [Tyrone P.], 140 AD3d 1171). The father did not challenge the finding that he severely abused Jaiden.
In July 2015, while the prior appeal was pending, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights to Riley. The petitioner moved, among other things, for summary judgment against the father. In an order dated March 2, 2016, the Family Court, among other things, granted that branch of the petitioner's motion which was for summary judgment on the issue of whether the father severely abused Riley. After a dispositional hearing, the court issued an order of fact-finding and disposition dated June 1, 2016, among other things, finding that the father severely abused Riley, terminating his parental rights, and transferring guardianship and custody of Riley to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The father appeals from the order of fact-finding and disposition.
The father contends that the Family Court's finding by clear and convincing evidence in the Family Court Act article 10 proceeding that he derivatively severely abused Riley is not sufficient, for the purposes of the instant proceeding to terminate his parental rights, to establish that he severely abused Reily. He bases this contention on the fact that Jaiden, the child against whom the felony sex offense was committed, was not his biological child, but rather a child for whom he was legally responsible. He argues, therefore, that a fact-finding hearing was required in order to determine whether he severely abused Riley. The father's contention is without merit. A finding by clear and convincing evidence in a Family Court Act article 10 proceeding that a parent severely abused a child within the meaning of Social Services Law § 384-b(8)(a)(ii) establishes that the child was severely abused in a proceeding to terminate the parent's parental rights under Social Services Law § 384-b (see Social Services Law § 384-b[8][d]). Under Social Services Law § 384-b(8)(a)(ii), a child is severely abused when the child has been found to be an abused child within the meaning of Family Court Act § 1012(e)(iii) as a result of a parent's actions, provided that the parent committed or knowingly allowed to be committed a felony sex offense. Since the finding that the child was abused may itself be derivative, Social Services Law § 384-b(8)(a)(ii) contemplates derivative findings (see Matter of Marino S., 100 NY2d 361, 375). The Court of Appeals held in Matter of Marino S. that a derivative finding of severe abuse may be made under Social Services Law § 384-b(8)(a)(ii) where the subject child's parent committed the sex offense against the subject child's sibling (see Matter of Marino S. 100 NY2d at 375). The father's contention that the sibling against whom the sex offense was committed must also be the biological child of the respondent parent is without merit (see id.).
In addition, based on the evidence adduced at the dispositional hearing, the Family Court properly determined that Riley's best interests would be served by terminating the father's parental rights and freeing him for adoption by his foster mother, with whom he had been living since 2012, had bonded, and had expressed his desire to remain (see Matter of Davina R.M.R.L. [Jennifer A.], 123 AD3d 1126, 1128; Matter of Tiwana M., 267 AD2d 144, 145).
RIVERA, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court