Matter of Jupiter C. (Tamarah C.) (2020 NY Slip Op 04740)





Matter of Jupiter C. (Tamarah C.)


2020 NY Slip Op 04740


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-02066 
2019-02067
 (Docket No. N-5008-16)

[*1]In the Matter of Jupiter C. (Anonymous). Administration for Children's Services, respondent;
and
Tamarah C. (Anonymous), appellant.


Robin Stone Einbinder, Jamaica, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Kevin Osowski of counsel), for respondent.
Joan N. G. James, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of disposition of the Family Court, Kings County (Alicea Elloras-Ally, J.), dated February 20, 2019, and (2) a permanency hearing order of the same court also dated February 20, 2019. The order of disposition, upon an order of fact-finding of the same court dated October 25, 2018, made after a fact-finding hearing, finding that the mother neglected and derivatively neglected the subject child, and after a combined dispositional and permanency hearing, placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and directed the mother to complete various services. The permanency hearing order, insofar as appealed from, after the combined dispositional and permanency hearing, continued the subject child's placement in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and directed the mother to complete various services. The notice of appeal from the order of fact-finding is deemed to be a notice of appeal from the order of disposition (see CPLR 5512[a]). The appeal from the order of disposition brings up for review the order of fact-finding.
ORDERED that the appeals from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and so much of the permanency hearing order as continued the subject child's placement in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing are dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition and the permanency hearing order are affirmed insofar as reviewed, without costs or disbursements.
In October 2014, in prior related proceedings, the Family Court found that the mother neglected three of her children and directed her to complete various services. After the subject child [*2]in the instant proceeding was born in February 2016, the Administration for Children's Services (hereinafter ACS) alleged that the mother derivatively neglected the subject child. Following a fact-finding hearing, the court found that the mother neglected and derivatively neglected the subject child. Following a combined dispositional and permanency hearing, the court continued the subject child's placement in the custody of the Commissioner of Social Services of the City of New York (hereinafter the Commissioner) until the completion of the next permanency hearing and directed the mother to complete various services. The mother appeals from the order of disposition and the permanency hearing order.
A neglect finding "must be based on a preponderance of evidence" (Family Ct Act § 1046[b][i]). "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (Family Ct Act § 1046[a][i]). "Where a person's conduct toward one child demonstrates a fundamental defect in the parent's understanding of the duties of parenthood, or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in his or her care, an adjudication of derivative neglect with respect to the other children is warranted" (Matter of Iris G. [Angel G.], 144 AD3d 908, 908 [citations omitted]). "In determining whether a child born after the underlying acts of abuse should be adjudicated derivatively neglected, the determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists" (id. [internal quotation marks omitted]). "In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future" (id. at 909 [internal quotation marks omitted]).
Here, we agree with the Family Court's findings that ACS established by a preponderance of the evidence that the mother neglected and derivatively neglected the subject child (see Family Ct Act § 1046[b][i]). As to derivative neglect, in light of the nature of the mother's neglect of her older children, the mother's failure to complete her required services before the subject child was born, the mother's inappropriate behavior at the foster care agency after the subject child's birth, and the fact that only 16 months had passed between the order of fact-finding in the prior neglect proceedings and the subject child's birth, the prior neglect was "so proximate in time to the derivative proceeding that it [could] reasonably be concluded that the condition still exist[ed]" (Matter of Iris G. [Angel G.], 144 AD3d at 908 [internal quotation marks omitted]; see Matter of Aryelle F. [Esperanza F.], 148 AD3d 1014, 1015; Matter of Baby Boy D. [Adanna C.], 144 AD3d 1026, 1027-1028). In response to ACS's showing, the mother failed to prove by a preponderance of the evidence that the conditions could not "reasonably be expected to exist currently or in the foreseeable future" (Matter of Iris G. [Angel G.], 144 AD3d at 909 [internal quotation marks omitted]). Furthermore, ACS established by a preponderance of the evidence that certain of the mother's actions during her visits with the subject child constituted child neglect (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). The mother's argument that there was no evidence of physical abuse is of no moment, as this was a neglect case, not an abuse case.
The appeals from so much of the order of disposition as placed the subject child in the custody of the Commissioner until the completion of the next permanency hearing and so much of the permanency hearing order as continued the subject child's placement in the custody of the Commissioner until the completion of the next permanency hearing are academic, as a further permanency hearing has been held and a further permanency hearing order has been issued (see Matter of Barry D. [Katrina B.], 178 AD3d 695, 696).
The mother's challenges to so much of the order of disposition and so much of the permanency hearing order as directed her to complete various services, including that she undergo a mental health evaluation and complete a parenting skills course, are not academic (see Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 580). With respect to those portions of the order of disposition and the permanency hearing order, we agree with the Family Court that the challenged directives were in the subject child's best interests (see Matter of Bobby J.C. [Faith C.], 124 AD3d [*3]648, 648-649).
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court