Matter of Kymir E. (Jheania S.) (2021 NY Slip Op 00557)





Matter of Kymir E. (Jheania S.)


2021 NY Slip Op 00557


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
BETSY BARROS, JJ.


2020-00543
 (Docket No. N-18710-18)

[*1]In the Matter of Kymir E. (Anonymous). Administration for Children's Services, respondent; Jheania S. (Anonymous), appellant.


Christian P. Myrill, Jamaica, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and Jamison Davies of counsel), for respondent.
Stephen A. Gargiulo, Forest Hills, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an amended order of fact-finding and disposition of the Family Court, Queens County (Margaret Morgan, J.), dated November 15, 2019. The order, insofar as appealed from, after a hearing, in effect, found that the mother derivatively neglected the subject child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In April 2018, the Family Court found that the mother neglected the older sibling of the child who is the subject of this proceeding. The subject child was born on September 16, 2018. By petition dated September 19, 2018, the Administration for Children's Services (hereinafter ACS) commenced this proceeding, alleging that the mother derivatively neglected the subject child. Following a fact-finding hearing, the court found that ACS established that the mother had not addressed the conditions that resulted in the prior neglect finding. The court, in effect, found that the mother derivatively neglected the subject child. The mother appeals.
A neglect finding "must be based on a preponderance of evidence" (Family Ct Act § 1046[b][i]). "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (Family Ct Act § 1046[a][i]). "Where a person's conduct toward one child demonstrates a fundamental defect in the parent's understanding of the duties of parenthood, or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in his or her care, an adjudication of derivative neglect with respect to the other children is warranted" (Matter of Jupiter C. [Tamarah C.], 186 AD3d 827, 829 [internal quotation marks omitted]). "In determining whether a child born after the underlying acts of abuse should be adjudicated derivatively neglected, the determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the [*2]condition still exists" (id. at 829 [internal quotation marks omitted]). "In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future" (id. [internal quotation marks omitted]).
Here, the Family Court properly determined that the mother derivatively neglected the subject child. With respect to the mother's older child, the mother failed to provide care that was appropriate for an infant, as she yelled at the child when he was only six months old, kept him out late of the facility in which she was supposed to be living, and neglected to feed him on multiple occasions. ACS presented testimony that for the five months between the prior neglect finding and the birth of the subject child, the mother went "AWOL" from the facility in which she was supposed to be living and failed to take her required parenting skills course. Given the mother's failure to address the condition that led to the prior neglect finding and the short period of time between that finding and the subject child's birth, it could "reasonably be concluded that [this] condition still exist[ed]" when the subject child was born (id. [internal quotation marks omitted]). In response to ACS's showing, the mother failed to present any evidence that the condition could not "reasonably be expected to exist currently or in the foreseeable future" (id. [internal quotation marks omitted]).
The mother's remaining argument is not properly before this Court (see Matter of Skylar P.J. [Kerry M.T.], 186 AD3d 1687, 1688; Matter of Dayannie I.M. [Roger I.M.], 138 AD3d 747, 750).
AUSTIN, J.P., MILLER, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court