Matter of Faith A. M. (Faith M.) (2021 NY Slip Op 01050)





Matter of Faith A. M. (Faith M.)


2021 NY Slip Op 01050


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-10036
 (Docket No. N-30498-16)

[*1]In the Matter of Faith A. M. (Anonymous). Administration for Children's Services, respondent; Faith M. (Anonymous), appellant.

 

James E. Johnson, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Kate Fletcher of counsel), for respondent.
Tammi D. Pere, West Hempstead, NY, for appellant.
Charles Lawson, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Melody Glover, J.), dated July 23, 2019. The order of fact-finding and disposition, insofar as appealed from, made after fact-finding and dispositional hearings, found that the mother derivatively neglected the subject child.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
In May 2014, the mother was found to have neglected her two children through the use of excessive corporal punishment. The subject child was born in May 2015. In December 2016, the petitioner commenced this proceeding, alleging, inter alia, that the child was neglected or in danger of becoming neglected on account of the mother's continual use of excessive corporal punishment on her other children.
After a fact-finding hearing, the Family Court found by a preponderance of the evidence that the mother committed acts constituting derivative neglect of the child. The mother appeals.
Child neglect must be established by a preponderance of the evidence (see Family Ct Act § 1046[b][i]). A neglected child means a child "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [her] parent . . . to exercise a minimum degree of care" (Family Ct Act § 1012[f][i]). Thus, imminent danger of impairment is an independent and separate ground upon which a finding of neglect may be based (see Nicholson v Scopetta, 3 NY3d 357, 369).
A finding of derivative neglect is warranted when a parent's conduct towards one child demonstrates a fundamental defect in their understanding of the duties of parenthood, or such an impaired level of parental judgment so as to create a substantial risk of harm for any child in their [*2]care (see Matter of Iris G. [Angel G.], 144 AD3d 908). Such flawed notions of parental responsibility are generally reliable indicators that a parent who has abused or neglected one child will place their other children at substantial risk of harm (see Matter of Samuel A.R. [Soya R.], 179 AD3d 702, 703). "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (Family Ct Act § 1046[a][i]).
"In determining whether a child born after the underlying acts of [neglect] should be adjudicated [as a child who was] derivatively neglected, the determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct [that] formed the basis for a finding of . . . neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists" (Matter of Jupiter C. [Tamarah C.], 186 AD3d 827, 829 [internal quotation marks omitted]). "In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future" (id. at 829 [internal quotation marks omitted]).
Here, the May 2014 neglect finding as to the child's siblings, was proximate in time to this derivative proceeding, giving rise to a presumption that the basis for the initial neglect finding still exists (see Matter of Javaris K.C. [James C.], 177 AD3d 875). Evidence at the hearing confirmed that in December 2016 the mother did in fact continue to use excessive corporal punishment on the child's siblings. The evidence included statements from the siblings, and the testimony of a school counselor to one of the siblings. The out-of-court statements of the child's siblings regarding the neglect may properly be used to cross-corroborate one another (see Matter of Dean J.K. [Joseph D.K.], 121 AD3d 896). Their reports were also corroborated by observations of injuries on the siblings by a child protective specialist and hospital workers (see Matter of Samuel W. [Luemay F.], 160 AD3d 755).
The Family Court's assessments of the parties rests on its superior position to evaluate the witnesses' demeanor and credibility (see Matter of Sofia v Hendry, 161 AD3d 875). Thus, the court's credibility determinations are entitled to considerable deference unless clearly unsupported by the record (see Matter Angela-Marie C. [Renee C.], 162 AD3d 1010). Here, the court found the mother's denials to be incredible, and that determination is supported by the record. Notably, the mother pleaded guilty to disorderly conduct based on identical allegations that she hit one of the child's siblings with a belt, which provides additional corroboration of neglect (see Matter of Nicholas L., 50 AD3d 1141). As the mother presented no evidence that the circumstances giving rise to the neglect of the child's siblings no longer exist, a finding of derivative neglect was proper (see Matter of Brandon T. [Guillaume T.], 114 AD3d 950).
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court