Matter of Kevon G. (Keith G.) (2021 NY Slip Op 04355)





Matter of Kevon G. (Keith G.)


2021 NY Slip Op 04355


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.


2020-01889
2020-01890
 (Docket Nos. N-21384-16, N-21385-16)

[*1]In the Matter of Kevon G. (Anonymous). Administration for Children's Services, respondent; Keith G. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Steffi S. (Anonymous). Administration for Children's Services, respondent; Keith G. (Anonymous), appellant. (Proceeding No. 2.)


Rhonda R. Weir, Brooklyn, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Ingrid R. Gustafson and Deborah E. Wassel of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Keith G. appeals from (1) an order of fact-finding of the Family Court, Kings County (Diane Costanzo, J.), dated January 14, 2020, and (2) an order of disposition of the same court dated February 7, 2020. The order of fact-finding, after a hearing, found that Keith G. neglected the child Kevon G. and derivatively neglected the child Steffi S. The order of disposition, upon the order of fact-finding and upon Keith G.'s consent, released the child Kevon G. to the custody of the nonrespondent mother.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as, upon Keith G.'s consent, released the child Kevon G. to the custody of the nonrespondent mother is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as released the child Kevon G., upon Keith G.'s consent, to the custody of the nonrespondent mother must be dismissed, as "no appeal lies from an order entered upon the consent of the appealing party" (Matter of Etonlivon C. [*2][Lorris C.], 189 AD3d 1394, 1395; see Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d 953, 954).
In August 2016, Keith G. was arrested and charged with various acts of domestic violence allegedly committed against the nonrespondent, Judy S., the mother of the subject children, Kevon G. and Steffi S. The petitioner, Administration for Children's Services (hereinafter ACS), commenced these child protective proceedings against Keith G., alleging, inter alia, that by assaulting Judy S., he neglected Kevon G., age 9, who was present during that domestic violence incident, and derivatively neglected Steffi S., age 17.
In July 2017, Keith G. was convicted, upon his plea of guilty, of assault in the second degree for intentionally causing serious physical injury to Judy S. on August 23, 2016. Thereafter, ACS moved for summary judgment on the petitions. The Family Court granted the motion, which was unopposed, to the extent of finding that Keith G. was collaterally estopped from contesting the happening of the incident of domestic violence alleged in the petitions (see Matter of Blima M. [Samuel M.], 150 AD3d 1006, 1008). Following a fact-finding hearing on the remaining issues, the court found that Keith G. neglected Kevon G. and derivatively neglected Steffi S. In an order of disposition, the court, upon Keith G.'s consent, released Kevon G. to the custody of Judy S. Keith G. appeals.
There is no merit to Keith G.'s contention that the Family Court committed reversible error by engaging in an ex parte communication with ACS's counsel on a date when Keith G.'s counsel was unable to appear in court. To the extent that any comments made by ACS's counsel went beyond scheduling or administrative purposes (see 22 NYCRR 100.3[B][6][a]), no prejudice resulted therefrom, since the court appropriately declined to issue any guidance or decisions on the matters raised, and the parties engaged in a discussion on the same issue at the subsequent court date, at which time Keith G.'s counsel was present (see People v Khan, 146 AD3d 810, 810-811).
To the extent that Keith G. challenges the Family Court's consideration of certain documentary evidence submitted in support of ACS's motion for summary judgment when determining that motion, such contention is not properly before this Court, since he did not oppose that motion (see Matter of Keishaun P. [Tyrone R.], 140 AD3d 1171, 1173; Aaron W. v Shannon W., 96 AD3d 960, 961). Further, since the same evidence was received at the fact-finding hearing without objection by Keith G.'s counsel, his contention on appeal that the court, at the fact-finding hearing, considered inadmissible hearsay contained within these documents is unpreserved for appellate review (see Matter of Keishaun P. [Tyrone P.], 140 AD3d at 1173). In any event, insofar as any of these records were inadequately redacted or contained irrelevant material, "it is presumed that the Judge sitting as the trier of fact made [her or] his decision based upon appropriate legal criteria" (People v Young, 166 AD3d 664, 665 [internal quotation marks omitted]; see People v Moreno, 70 NY2d 403, 406). To the extent that the court may have considered inadmissible hearsay in the form of an unsworn victim impact statement made by Judy S. at Keith G.'s sentencing in the criminal action, any error in this respect was harmless, as there was sufficient evidence of neglect without considering the victim impact statement (see Matter of Patrick M. [Patrick M.M.], 166 AD3d 882, 883).
The Family Court properly found that Keith G. derivatively neglected Steffi S. "A finding of derivative neglect is warranted when a parent's conduct towards one child demonstrates a fundamental defect in their understanding of the duties of parenthood, or such an impaired level of parental judgment so as to create a substantial risk of harm for any child in their care" (Matter of Faith A.M. [Faith M.], 191 AD3d 884, 884-885). "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (Family Ct Act § 1046[a][i]). Contrary to Keith G.'s contention, a preponderance of the evidence established that Steffi S. was derivatively neglected since Keith G.'s conduct "evinced such a profound lack of understanding of his parental responsibilities as to create a substantial risk of harm for any child in his care," even though she was not present during the assault of Judy S. (Matter of Kamryn C. [Pedro M.], 169 AD3d 672, 674; see also Family Ct Act §§ 1012[f][i][B]; 1046[a][i]). The court properly found that Keith G. derivatively neglected Steffi S. based on the evidence of his criminal conviction, the underlying basis for that conviction, and the [*3]neglect of Kevon G. (see Matter of Faith A.M. [Faith M.], 191 AD3d 884; Matter of Brysen A. [Bryan A.], 161 AD3d 850, 851).
MASTRO, J.P., DUFFY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court