Matter of Sage H. (Lovette H.) (2022 NY Slip Op 02412)

Matter of Sage H. (Lovette H.)

2022 NY Slip Op 02412

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-03375
2021-07230
 (Docket Nos. N-24377-18, N-23648-19, N-23649-19, N-15667-19, N-12023-20)

[*1]In the Matter of Sage H. (Anonymous). Administration for Children's Services, petitioner-respondent; Lovette H. (Anonymous), respondent-appellant, et al., respondent.
(Proceeding No. 1.)
In the Matter of Paige P. (Anonymous). Administration for Children's Services, petitioner-respondent; Lovette H. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Sebastian P. (Anonymous). Administration for Children's Services, petitioner-respondent; Lovette H. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 3.)

Austin I. Idehen, Jamaica, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Elina Druker and Claibourne Henry of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding and disposition of the Family Court, Kings County (Alicea Elloras-Ally, J.), dated April 26, 2021, and (2) an order of disposition of the same court dated April 27, 2021. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother had derivatively neglected the child Sage H., placed that child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing, and directed the mother to undergo a mental health evaluation and to complete domestic abuse counseling. The order of disposition, insofar as appealed from, after fact-finding and dispositional hearings, and upon findings that the mother had neglected the children Sebastian P. and Paige P., placed those children in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and [*2]directed the mother to undergo a mental health evaluation and to complete domestic abuse counseling.
ORDERED that the order of fact-finding and disposition and the order of disposition are affirmed insofar as appealed from, without costs or disbursements.
In 2019, the Administration for Children's Services (hereinafter ACS) commenced related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the children Sebastian P. and Paige P. In 2020, ACS commenced a proceeding pursuant to Family Court Act article 10 alleging that the mother derivatively neglected the child Sage H. In an order of fact-finding and disposition dated April 26, 2021, made after fact-finding and dispositional hearings, the Family Court found that the mother had derivatively neglected Sage, placed that child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing, and directed the mother to undergo a mental health evaluation and to complete domestic abuse counseling. In an order of disposition dated April 27, 2021, upon findings that the mother had neglected Sebastian and Paige, the court placed those children in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and directed the mother to undergo a mental health evaluation and to complete domestic abuse counseling. The mother appeals from both orders.
"In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Elisa V. [Hung V.], 159 AD3d 827, 828; see Family Ct Act § 1046[b]). "'Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor'" (Matter of Je'laya J. [Tracey S.], 192 AD3d 1032, 1033, quoting Matter of Emmanuel E. [Debra C.], 187 AD3d 1014, 1014). As relevant here, a neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent or person . . . legally responsible . . . to exercise a minimum degree of care . . . in providing the child with proper supervision [and] guardianship" (Family Ct Act § 1012[f][i][B]). "It is well settled that a child's experience of domestic violence can cause these harms or put a child in imminent danger of them" (Matter of Silveris P. [Meuris P.], 198 AD3d 787, 789). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Nina P. [Giga P.], 180 AD3d 1047, 1047).
Here, the Family Court properly determined that ACS established by a preponderance of the evidence that the mother neglected Sebastian and Paige by failing to enforce an order of protection against the father (see Matter of Ivy R.Q.M. [Afroz Q.M.], 184 AD3d 833), and by failing to appreciate the impact on those children of acts of domestic violence committed by the father (see Matter of Serenity H. [Tasha S.], 132 AD3d 508, 509; Matter of Christopher B., 26 AD3d 431, 432).
Further, the Family Court properly determined that ACS established by a preponderance of the evidence that the mother derivatively neglected Sage. "'Where a person's conduct toward one child demonstrates a fundamental defect in the parent's understanding of the duties of parenthood, or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in his or her care, an adjudication of derivative neglect with respect to the other children is warranted'" (Matter of Jupiter C. [Tamarah C.], 186 AD3d 827, 829, quoting Matter of Iris G. [Angel G.], 144 AD3d 908, 908). Here, the conduct which formed the basis for the findings of neglect as to Sebastian and Paige was sufficiently proximate in time to the derivative neglect proceeding such that it can reasonably be concluded that the condition still exists (see Matter of Jupiter C. [Tamarah C.], 186 AD3d at 829-830; Matter of Annalise L. [Jalise P.], 170 AD3d 835, 837). In response to ACS' showing, the mother failed to establish that the conditions could not "'reasonably be expected to exist currently or in the foreseeable future'" (Matter of Jupiter C. [Tamarah C.], 186 AD3d at 830, quoting Matter of Iris G. [Angel G.], 144 AD3d at 909).
The mother's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., RIVERA, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court