Matter of Timothy L. (Timothy L.) (2023 NY Slip Op 06138)

Matter of Timothy L. (Timothy L.)

2023 NY Slip Op 06138

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-07697
 (Docket Nos. N-1628-21, N-1629-21, N-1631-21, N-1632-21)

[*1]In the Matter of Timothy L. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Timothy L. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Liam L. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Timothy L. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)

Alex Smith, Middletown, NY, for appellant.
Richard B. Golden, County Attorney, Goshen, NY (Linda P. DaSilva of counsel), for petitioner-respondent.
William E. Horwitz, Briarcliff Manor, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Orange County (Victoria B. Campbell, J.), dated September 12, 2022. The order of disposition, insofar as appealed from, upon a corrected order of fact-finding dated June 6, 2022, made after a fact-finding hearing, finding that the father neglected the subject children, and upon the father's consent, placed the children in the custody of the Commissioner of Social Services of Orange County until completion of the next permanency hearing, directed the Orange County Department of Social Services to have supervision over the father's home and the children for a period of 12 months, and directed the father to comply with certain conditions.
ORDERED that the appeal from so much of the order of disposition as, upon the father's consent, placed the children in the custody of the Commissioner of Social Services of Orange County until completion of the next permanency hearing, directed the Orange County Department of Social Services to have supervision over the father's home and the children for a period of 12 months, and directed the father to comply with certain conditions is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as, upon the father's consent, placed the subject children in the custody of the Commissioner of Social Services of Orange County until completion of the next permanency hearing, directed the Orange County Department of Social Services to have supervision over the father's home and the children for a period of 12 months, and directed the father to comply with certain conditions must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Eunice D. [James F.D.], 111 AD3d 627, 628). However, contrary to the contention of the attorney for the children, the appeal from so much of the order of disposition as brings up for review the finding of neglect in the corrected fact-finding order dated June 6, 2022, is properly before this Court as the father's timely appeal from the order of disposition "brings up for review all non-final orders that affected the judgment" (Matter of Aiden XX. [Jesse XX.], 104 AD3d 1094, 1095 n 3 [internal quotation marks omitted]; see Matter of Kevon G. [Keith G.], 196 AD3d 572, 572-573).
In May 2021, the petitioner commenced these proceedings pursuant to Family Court Act article 10 alleging, inter alia, that the father neglected the children by failing to intervene even though he was aware that they were being neglected by the mother and her paramour, who both abused drugs and with whom the children resided. After a fact-finding hearing, the Family Court found, inter alia, that the father neglected the children. We affirm.
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing that the subject child[ren] ha[ve] been abused or neglected by 'a preponderance of [the] evidence'" (Matter of Bibi H. v Administration for Children's Servs.-Queens, 210 AD3d 771, 773, quoting Family Ct Act § 1046[b][i]). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of . . . witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868).
Contrary to the father's contention, a preponderance of the evidence supported a finding that the children's physical, mental, or emotional conditions were impaired or in imminent danger of impairment by, inter alia, the failure of the father to exercise a minimum degree of care in providing the children with proper supervision or guardianship (see Family Ct Act § 1012[f][i][B]; Nicholson v Scoppetta, 3 NY3d 357, 368; Matter of Sadiq H. [Karl H.], 81 AD3d 647, 648).
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court