Matter of Nyla S. (Jason B.) (2024 NY Slip Op 00632)

Matter of Nyla S. (Jason B.)

2024 NY Slip Op 00632

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-04713
 (Docket Nos. N-15534-19, N-15535-19, N-15536-19, N-15537-19)

[*1]In the Matter of Nyla S. (Anonymous). Administration for Children's Services, petitioner- respondent; Jason B. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Alyssa S. (Anonymous). Administration for Children's Services, petitioner- respondent; Jason B. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Jayla B. (Anonymous). Administration for Children's Services, petitioner- respondent; Jason B. (Anonymous), appellant, et al., respondent. (Proceeding No. 3.)
In the Matter of Joy B. (Anonymous). Administration for Children's Services, petitioner- respondent; Jason B. (Anonymous), appellant, et al., respondent. (Proceeding No. 4.)

 

Cheryl Charles-Duval, Brooklyn, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Eva L. Jerome of counsel), for petitioner-respondent.
Chinyere U. Eze-Nliam, Jamaica, NY, attorney for the children Nyla S. and Alyssa S.
Lewis S. Calderon, Jamaica, NY, attorney for the children Jayla B. and Joy B.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Jason B. appeals from an order of disposition of the Family Court, Queens County (Emily Ruben, J.), dated May 18, 2022. The order of disposition, upon an order of fact-finding of the same court dated April 22, 2022, made after a fact-finding hearing, inter alia, finding that Jason B. abused and neglected the subject children [*2]Nyla S. and Alyssa S., and derivatively abused and neglected the subject children Jayla B. and Joy B., and after a dispositional hearing, inter alia, released the subject children to the custody of the respondent mother.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that Jason B. (hereinafter the appellant) sexually abused and neglected the children Nyla S. and Alyssa S. Following a fact-finding hearing, in an order of fact-finding dated April 22, 2022, the Family Court found that the appellant was a person legally responsible for the care of Nyla S. and Alyssa S., that he sexually abused and neglected Nyla S. and Alyssa S., and that he derivatively abused and neglected the children Jair B., Jaden B., Jayla B., and Joy B., his biological children. After a dispositional hearing, the court issued an order of disposition dated April 26, 2022, upon the appellant's consent, releasing Jair B. and Jaden B. to the custody of their nonrespondent mother. After a separate dispositional hearing, the court issued an order of disposition dated May 18, 2022, inter alia, releasing Nyla S., Alyssa S., Jayla B., and Joy B. to the custody of the respondent mother. This appeal from the order of disposition dated May 18, 2022, ensued. The appeal from the order of disposition dated May 18, 2022, brings up for review so much of the order of fact-finding as found that the appellant sexually abused and neglected Nyla S. and Alyssa S., and derivatively abused and neglected Jayla B. and Joy B. (see Matter of Timothy L. [Timothy L.], 221 AD3d 1006).
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see id. § 1046[b][i]; Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601). The Family Court's credibility findings are entitled to great weight (see Matter of Brianna M. [Corbert G.], 152 AD3d at 601; Matter of Desiree P. [Michael H.], 149 AD3d 841, 841). In article 10 proceedings, the Family Court has "considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse" (Matter of Christina F., 74 NY2d 532, 536 [internal quotation marks omitted]).
Here, ACS demonstrated, by a preponderance of the evidence, that the appellant sexually abused Nyla S. and Alyssa S. (see Family Ct Act §§ 1012[e][iii]; 1046[b][i]; Penal Law §§ 130.35[1]; 130.50[1], [3]; 130.75[1][a], [b]; 130.45[1]) and neglected those children by inflicting excessive corporal punishment on them (see Family Ct Act § 1012[f][i][B]). Contrary to the appellant's contention, the Family Court properly found him to be a person legally responsible for the care of Nyla S. and Alyssa S. within the meaning of the Family Court Act (see id. § 1012[g]; Matter of Trenasia J. [Frank J.], 25 NY3d 1001, 1004-1006). Additionally, the court providently exercised its discretion in drawing a negative inference against the appellant for his failure to testify (see Matter of Joshua T. [Kenisha T.], 196 AD3d 491, 492).
Contrary to the appellant's contention, the Family Court's finding that he derivatively abused and neglected Jayla B. and Joy B. was supported by a preponderance of the evidence. "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (Family Ct Act § 1046[a][i]). The focus of the inquiry with respect to derivative findings is whether the evidence of abuse or neglect of another child or children demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for the other child or children in the parent's care (see Matter of Marino S., 100 NY2d 361, 374; Matter of Kristina I. [Al Quran F.], 163 AD3d 565, 567). Here, the evidence adduced at the fact-finding hearing demonstrated, by a preponderance of the evidence, a fundamental defect in the appellant's understanding of the duties of a person with legal responsibility for the care of children and such an impaired level of judgment as to create a substantial risk of harm for any child in his care (see Matter of Taurice M. [Gregory A.], 147 AD3d 844, 845). Accordingly, the court properly found that the appellant derivatively abused and neglected Jayla B. and Joy B. (see generally Matter of Naphtali A. [Winifred A.], 165 AD3d 781, 784).
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court