Matter of Miracle F.G. (Omarie G.) (2024 NY Slip Op 01710)

Matter of Miracle F.G. (Omarie G.)

2024 NY Slip Op 01710

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-03860
 (Docket No. N-25464-19)

[*1]In the Matter of Miracle F. G. (Anonymous). Administration for Children's Services, respondent; Omarie G. (Anonymous), appellant.

Steven P. Forbes, Huntington, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Kate Fletcher of counsel), for respondent.
Larry S. Bachner, New York, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Emily Ruben, J.), dated March 14, 2023. The order of disposition, insofar as appealed from, upon an order of fact-finding of the same court dated March 9, 2023, made after a fact-finding hearing, inter alia, finding that the mother neglected the subject child, and after a dispositional hearing, upon the consent of the mother, continued the placement of the subject child in the custody of the Administration for Children's Services until the completion of the next permanency hearing.
ORDERED that the appeal from so much of the order of disposition as, upon the consent of the mother, continued the placement of the subject child in the custody of the Administration for Children's Services until the completion of the next permanency hearing is dismissed, without costs or disbursements, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Jair B. [Jason B.], _____ AD3d _____, 2024 NY Slip Op 00625 [2d Dept]); and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In December 2019, the petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child, who was then a three-week-old infant. In connection with the filing of the petition, the Family Court issued an order temporarily removing the child from the mother's care and placing her in the petitioner's custody.
In an order of fact-finding dated March 9, 2023, made after a fact-finding hearing, the Family Court, inter alia, found that the mother had neglected the child. After conducting a dispositional hearing, the court issued an order of disposition dated March 14, 2023, upon the mother's consent, among other things, continuing the placement of the child in the petitioner's custody until the completion of the next permanency hearing.
The appeal from the order of disposition brings up for review so much of the order of fact-finding as found that the mother neglected the child (see Matter of Nyla S. [Jason B.], _____ AD3d _____, 2024 NY Slip Op 00632 [2d Dept]; Matter of Timothy L. [Timothy L.], 221 AD3d 1006, 1007).
In a neglect proceeding, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected (see Family Ct Act § 1046[b][i]; Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 690; Matter of Jemima M. [Aura M.], 151 AD3d 862, 863). Where issues of credibility are presented, the hearing court's findings are entitled to great deference unless clearly unsupported by the record (Matter of Maurice M. [Suzanne H.], 158 AD3d at 691; Matter of Jemima M. [Aura M.], 151 AD3d at 863).
Here, giving due deference to the Family Court's credibility determinations, a preponderance of the evidence established that the child's physical, mental, and emotional conditions were at imminent risk of impairment as a result of the mother's failure to exercise a minimum degree of care in providing the child with proper supervision and guardianship (see Family Ct Act § 1012[f][i][B]). Contrary to the mother's contention, the record supports the court's determination that the mother neglected the child (see Matter of Kymir E. [Jheania S.], 191 AD3d 666, 668; Matter of Hannah T.R. [Soya R.], 179 AD3d 700, 701-702).
DUFFY, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court