Matter of Malazah W. (Antoinette W.) (2020 NY Slip Op 02800)





Matter of Malazah W. (Antoinette W.)


2020 NY Slip Op 02800


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-03086
 (Docket Nos. N-7277-17, N-7278-17)

[*1]In the Matter of Malazah W. (Anonymous), formerly known as Baby Girl W. (Anonymous). Westchester County Department of Social Services, respondent; Antoinette W. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Malikah W. (Anonymous), formerly known as Baby Boy W. (Anonymous). Westchester County Department of Social Services, respondent; Antoinette W. (Anonymous), appellant. (Proceeding No. 2)


Scott Stone, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Linda Trentacoste and Justin R. Adin of counsel), for respondent.
Patrick J. Carle, New City, NY, attorney for the children.
In related proceedings pursuant to Family Court Act article 10, the mother appeals from a permanency hearing order of the Family Court, Westchester County (Ronald H. Cohen, Ct. Atty. Ref.), entered February 15, 2019. The permanency hearing order, insofar as appealed from, after a hearing, determined that the petitioner had made reasonable efforts to implement the



DECISION & ORDER
permanency goal of reunification with the mother, continued the permanency goal of reunification, and continued the subject children's placement with the Commissioner of Social Services of Westchester County.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In these related proceedings pursuant to Family Court Act article 10, the mother consented to the entry of a finding of neglect without admission, and the children were placed in the custody of the Commissioner of Social Services of Westchester County (hereinafter CSS). Following a permanency hearing held on November 27, 2018, the Family Court issued a permanency hearing order entered February 15, 2019, which continued the permanency goal of reunification with the mother and the children's placement with the CSS. The next permanency hearing was held on June 6, 2019, and a subsequent permanency hearing order was entered on October 15, 2019, which continued the same permanency goal and the children's placement with the CSS. The mother appeals from the permanency hearing order entered February 15, 2019, but did not appeal from the permanency hearing order entered October 15, 2019.
The mother's appeal from the permanency hearing order entered February 15, 2019, must be dismissed as academic (see Elizabeth C. [Omar C.], 156 AD3d 193, 198). That order did not change the permanency hearing goal of reunification with the mother, and has since been superseded by the permanency hearing order entered October 15, 2019, from which no appeal has been taken (see Matter of Peter T. [Shay S.P.], 173 AD3d 1043; Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 579; Matter of Jayline J. [Jarren J.], 156 AD3d 701, 701-702; Matter of Agam B. [Janna W.], 143 AD3d 702, 703). Thus, a decision from this Court on the instant appeal would not " result in immediate and practical consequences to the parties'" (Matter of Victoria B. [Jonathan M.], 164 AD3d at 580, quoting Matter of Elizabeth C. [Omar C.], 156 AD3d at 198).
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court