Matter of Kishanda S. (Stephan S.) (2021 NY Slip Op 00177)





Matter of Kishanda S. (Stephan S.)


2021 NY Slip Op 00177


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-10291 
2019-10292
2019-11876
 (Docket No. N-13060-17)

[*1]In the Matter of Kishanda S. (Anonymous). Administration for Children's Services, respondent; Stephan S. (Anonymous), et al., appellants.


Christine Theodore, Spring Valley, NY, for appellant Stephan S.
Helene Bernstein, Brooklyn, NY, for appellant Rebekah H.
James E. Johnson, Corporation Counsel, New York, NY (Daniel Matza-Brown and Eric Lee of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, (1) the father and Rebekah H. separately appeal from an order of fact-finding of the Family Court, Queens County (Carol Ann Stokinger, J.), dated July 30, 2019, (2) Rebekah H. appeals from an order of disposition of the same court dated July 30, 2019, and (3) the father appeals from an amended order of disposition of the same court dated August 8, 2019. The order of fact-finding, after a fact-finding hearing, found that the father and Rebekah H. neglected the subject child. The order of disposition and the amended order of disposition, after a dispositional hearing, inter alia, placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The father's notice of appeal from a second order of disposition of the same court also dated July 30, 2019, is deemed to be a notice of appeal from the amended order of disposition (see CPLR 5512[a]).
ORDERED that the appeals from the order of fact-finding are dismissed, without costs or disbursements, as the order of fact-finding was superseded by the first order of disposition and the amended order of disposition and is brought up for review on the appeals from those orders; and it is further,
ORDERED that the first order of disposition and the amended order of disposition are affirmed, without costs or disbursements.
In a petition dated June 28, 2017, the Administration for Children's Services (hereinafter ACS) alleged that the father and his girlfriend, Rebekah H., neglected the subject child by inflicting excessive corporal punishment on her. Following a fact-finding hearing, at which the [*2]child testified via closed-circuit television, the Family Court found that the father and Rebekah H. neglected the child. Following a dispositional hearing, the court, inter alia, placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The father and Rebekah H. separately appeal.
"In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Elisa V. [Hung V.], 159 AD3d 827, 828; see Family Ct Act § 1046[b]). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Lea E.P. [Jason J.P.], 176 AD3d 715, 716 [internal quotation marks omitted]).
"Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Elisa V. [Hung V.], 159 AD3d at 828 [internal quotation marks omitted]). "A single incident of excessive corporal punishment may suffice to sustain a finding of neglect" (id.).
Here, we agree with the Family Court's determination that ACS established by a preponderance of the evidence that the father and Rebekah H. neglected the child (see id.). Accepting the court's credibility determinations, which are entitled to great deference, the evidence showed that Rebekah H. hit the child with a belt to punish her after she lied about her grandmother being present at her eighth grade graduation (see Matter of Lea E.P. [Jason J.P.], 176 AD3d at 716). We agree with the court's finding that this use of corporal punishment was excessive under the circumstances (see Matter of Elisa V. [Hung V.], 159 AD3d at 828). The evidence further showed that the father had previously disciplined the child using a belt, and that on one occasion, he swung the child around by her shirt, which led to something hitting her lip and causing it to bleed. The father also gave Rebekah H. permission to use corporal punishment on the child, and Rebekah H. witnessed the incident in which the father swung the child around by her shirt. In light of this evidence, we agree with the court's findings that the father neglected the child both because he inflicted excessive corporal punishment on the child and because he allowed Rebekah H. to inflict excessive corporal punishment on the child (see Family Ct Act § 1012[f][i][B]; Matter of Lea E.P. [Jason J.P.], 176 AD3d at 716; Matter of Ishaq B. [Lea B.], 121 AD3d 889, 890).
The father's contentions regarding the amended order of disposition relating to him are either unpreserved for appellate review or without merit.
Rebekah H.'s contention that the Family Court violated her right to due process by allowing the child to testify via closed-circuit television is unpreserved for appellate review (see Matter of Damani B. [Theresa M.], 174 AD3d 524, 526). Rebekah H.'s contentions regarding an order of protection and its provisions concerning visitation with the child are not properly before this Court, as Rebekah H. did not appeal from the order of protection (see Matter of Afton C. [James C.], 71 AD3d 887, 888, affd 17 NY3d 1).
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court