Matter of Sora D. (Rolanda D.) (2021 NY Slip Op 04132)





Matter of Sora D. (Rolanda D.)


2021 NY Slip Op 04132


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2020-00340
 (Docket Nos. N-16111-17, N-11247-18)

[*1]In the Matter of Sora D. (Anonymous). Suffolk County Department of Social Services, respondent; Rolanda D. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Kana D. (Anonymous). Suffolk County Department of Social Services, respondent; Rolanda D. (Anonymous), appellant. (Proceeding No. 2)


Darla A. Filiberto, Islandia, NY, for appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (James G. Bernet of counsel), for respondent.
Susan A. DeNatale, Bayport, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from a permanency hearing order of the Family Court, Suffolk County (George F. Harkin, J.), dated November 26, 2019. The permanency hearing order, insofar as appealed from, after a hearing, continued the permanency goal of placement for adoption.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In a petition dated September 21, 2017, the Suffolk County Department of Social Services (hereinafter the DSS) alleged that the mother had neglected her daughter. Upon the mother's admission, the Family Court found that the daughter was a neglected child and directed that she be placed in the custody of the Commissioner of Social Services of Suffolk County (hereinafter the Commissioner). The mother subsequently gave birth to her son. In a petition dated July 30, 2018, the DSS alleged that the mother had derivatively neglected her son. Following a hearing, the court found that the son was a neglected child and directed that he be placed in the custody of the Commissioner. In a permanency hearing order dated June 5, 2019, the court changed the permanency goal for both children to placement for adoption. The court continued this permanency goal in a permanency hearing order dated November 26, 2019. The mother appeals from the November 26, 2019 permanency hearing order.
"It is a fundamental principle of [this Court's] jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are [*2]actually controverted in a particular case pending before the tribunal" (Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 579 [internal quotation marks omitted]). "This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary" (id. at 579-580 [internal quotation marks omitted]). "Put another way, because courts are not in the business of issuing advisory opinions, they generally will refrain from deciding the merits of a matter unless an adjudication of the merits will result in immediate and practical consequences to the parties" (id. at 580 [internal quotation marks omitted]). "Thus, [t]he mootness doctrine precludes courts from considering questions which, although once active, have become academic by the passage of time or by a change in circumstances" (id. [internal quotation marks omitted]).
Here, the mother's appeal from the November 26, 2019 permanency hearing order must be dismissed as academic. The order did not change the permanency hearing goal, as it merely continued the goal set in the June 5, 2019 permanency hearing order. The November 26, 2019 permanency hearing order has since been superseded by a permanency hearing order dated June 11, 2020, from which the mother did not appeal. Accordingly, a decision from this Court on the instant appeal would not "result in immediate and practical consequences to the parties" (id. [internal quotation marks omitted]; see Matter of Malazah W. [Atoinette W.], 183 AD3d 754, 755).
In light of the foregoing, we do not consider the mother's contention that the permanency goal in the order appealed from was erroneous. The remaining contention raised by the attorney for the daughter and by the mother in her reply brief, is not properly before this Court (see Matter of Kishanda S. [Stephan S.], 190 AD3d 747, 749; Matter of Eckstein v Young, 176 AD3d 813, 814).
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court