Matter of Raveena B. (Khrisend R.) (2022 NY Slip Op 05525)

Matter of Raveena B. (Khrisend R.)

2022 NY Slip Op 05525

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2020-09721
2021-00250
 (Docket Nos. N-10646-18, N-10647-18, N-10468-18, N-14987-18, N-14988-18, N-14989-18)

[*1]In the Matter of Raveena B. (Anonymous). Administration for Children's Services, petitioner; Khrisend R. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Karissa B. (Anonymous). Administration for Children's Services, petitioner; Khrisend R. (Anonymous), respondent. (Proceeding No. 2)
In the Matter of Emma R. (Anonymous). Administration for Children's Services, petitioner; Khrisend R. (Anonymous), respondent. (Proceeding No. 3)
In the Matter of Raveena B. (Anonymous). Administration for Children's Services, petitioner-respondent; Ashmini R. (Anonymous), appellant. (Proceeding No. 4)
In the Matter of Karissa B. (Anonymous). Administration for Children's Services, petitioner; Ashmini R. (Anonymous), respondent. (Proceeding No. 5)
In the Matter of Emma R. (Anonymous). Administration for Children's Services, petitioner; Ashmini R. (Anonymous), respondent. (Proceeding No. 6)

Deana Balahtsis, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Scott Shorr and Geoffrey M. Stannard of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the child Raveena B.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Joan L. Piccirillo, J.), dated May 26, 2020, and (2) an order of disposition of the same court dated December 3, 2020. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the mother neglected the child Raveena B. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, placed the child Raveena B. in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the portion of the order of fact-finding appealed from was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the child Raveena B. (hereinafter the subject child) by inflicting excessive corporal punishment upon her and by failing to provide the subject child with proper supervision and guardianship. After a fact-finding hearing, the Family Court found that the mother had neglected the subject child. After a dispositional hearing, the court, inter alia, placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the next permanency hearing. The mother appeals.
"In order to establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Era O. [Emmanuel O.], 145 AD3d 895, 897; see Family Ct Act §§ 1012[f][i]; 1046[b]). "Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d 953, 955 [internal quotation marks omitted]; see Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868).
Here, the Family Court properly found that the subject child's out-of-court statements that the mother hit the subject child with a cord and with the mother's hand were adequately corroborated by both the subject child's testimony and the testimony of her school guidance counselor (see Matter of Samuel W. [Luemay F.], 160 AD3d 755, 756; Matter of Douglas L. [Cheyanne J.], 147 AD3d 840, 841). The evidence of those incidents was sufficient to support the court's finding that the mother neglected the subject child by inflicting excessive corporal punishment upon her (see Matter of Je'laya J. [Tracey S.], 192 AD3d 1032, 1033).
ACS also established that the mother neglected the subject child by failing to provide [*2]the subject child with proper supervision and guardianship, which resulted in actual or threatened harm to her (see Matter of Z'naya D.J. [Vanessa J.], 141 AD3d 652, 653-654). The testimony of the school guidance counselor and the subject child that the mother imposed excessive household and childcare responsibilities on the subject child, the guidance counselor's testimony that those responsibilities caused the subject child to feel like a "second-class citizen," and evidence demonstrating that the subject child expressed in writing that she "[felt] like dying," provided sufficient evidence of impairment of the subject child's emotional well-being (see id. at 654; Matter of Kevin D., 300 AD2d 304, 305).
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court