Matter of Zaniah T. (Deshaun T.) (2023 NY Slip Op 02884)

Matter of Zaniah T. (Deshaun T.)

2023 NY Slip Op 02884

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-01089
2022-01090
 (Docket Nos. N-9429-19, N-9430-19)

[*1]In the Matter of Zaniah T. (Anonymous). Administration for Children's Services, respondent; Deshaun T. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Jayden T. (Anonymous). Administration for Children's Services, respondent; Deshaun T. (Anonymous), appellant. (Proceeding No. 2)

Jacqueline Cabrera, Jamaica, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton and Jessica Miller of counsel; Evan Weinstein on the brief), for respondent.
Twyla Carter, New York, NY (Dawne Mitchell and Diane Pazar of counsel), attorney for the child Zaniah T.
Heath J. Goldstein, Jamaica, NY, attorney for the child Jayden T.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding and disposition of the Family Court, Kings County (Erik S. Pitchal, J.), dated November 8, 2021, and (2) an order of fact-finding of the same court also dated November 8, 2021. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that the father neglected the child Zaniah T. The order of fact-finding, after a fact-finding hearing, found that the father derivatively neglected the child Jayden T.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10, alleging that the father neglected the child Zaniah T. by inflicting excessive corporal punishment on her and derivatively neglected the child Jayden T. Following a fact-finding hearing, the Family Court found that the father neglected Zaniah and derivatively neglected Jayden. The father appeals.
"In a child protective proceeding pursuant to Family Court Act article 10, the [*2]petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Mariliz G. [Jamie G.], 207 AD3d 627, 628; see Family Ct Act § 1046[b][i]). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Raveena B. [Khrisend R.], 209 AD3d 640, 641 [internal quotation marks omitted]; see Matter of Je'laya J. [Nathaniel J.], 192 AD3d 1030, 1031). "Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Raveena B. [Khrisend R.], 209 AD3d at 641 [internal quotation marks omitted]; see Family Ct Act § 1012[f][i][B]; Matter of Jaivon J. [Patricia D.], 148 AD3d 890, 891).
Here, ACS established by a preponderance of the evidence that the father neglected Zaniah by inflicting excessive corporal punishment on her (see Matter of Mariliz G. [Jamie G.], 207 AD3d at 629; Matter of Thaddeus R. [Gabrielle V.], 198 AD3d 901, 902; Matter of Skye H. [Tianna S.], 195 AD3d 711, 714). Although the father disputed the allegations, there is no basis for disturbing the Family Court's credibility determinations, which are entitled to deference and are supported by the record (see Matter of Tatianna C. [James C.], 195 AD3d 1014, 1015; Matter of Alivia F. [John F.], 194 AD3d 709, 712).
Moreover, a preponderance of the evidence established that Jayden was derivatively neglected. The evidence adduced at the hearing demonstrated a fundamental defect in the father's understanding of his duties as a parent and such an impaired level of parental judgment as to create a substantial risk of harm for any child in his care (see Matter of Skye H. [Tianna S.], 195 AD3d at 715; Matter of Alivia F. [John F.], 194 AD3d at 712).
Accordingly, the Family Court properly found that the father neglected Zaniah and derivatively neglected Jayden.
IANNACCI, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court