Matter of Zephaniah Z. (Charlene F.) (2023 NY Slip Op 05142)

Matter of Zephaniah Z. (Charlene F.)

2023 NY Slip Op 05142

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-09497
 (Docket No. N-34168-19)

[*1]In the Matter of Zephaniah Z. (Anonymous). Administration for Children's Services, petitioner- respondent; 
and
Charlene F. (Anonymous), respondent- appellant, et al., respondent.

Kyle Sosebee, Brooklyn, NY, for respondent-appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jamison Davies and Chloe K. Moon of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne Mitchell and Susan Clement of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Kings County (Jacqueline B. Deane, J.), dated November 3, 2022. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the mother derivatively neglected the subject child.
ORDERED that the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the mother derivatively neglected the subject child. Following a fact-finding hearing, the Family Court determined, among other things, that the mother derivatively neglected the subject child. The mother appeals.
Contrary to the contention of ACS, the mother's failure to appear on certain of the fact-finding hearing dates did not constitute a default. The mother's attorney continued to participate in the fact-finding hearing on most of the dates on which the mother failed to appear, and the mother appeared on the final date of the fact-finding hearing, at which her attorney gave a summation and moved for dismissal of the petition (see Matter of Amira W.H. [Tamara T.H.], 182 AD3d 547, 547).
"Where a person's conduct toward one child demonstrates a fundamental defect in the parent's understanding of the duties of parenthood, or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in his or her care, an adjudication of derivative neglect with respect to the other children is warranted" (Matter of Iris G. [Angel G.], 144 AD3d 908, 908 [citations omitted]; see Matter of Amaris A.A. [Jasmine R.], 210 AD3d 1077, 1079). "In determining whether a child born after the underlying acts of abuse should be adjudicated derivatively neglected, the 'determinative factor is whether, taking into account the [*2]nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists'" (Matter of Iris G. [Angel G.], 144 AD3d at 908, quoting Matter of Elijah O. [Marilyn O.], 83 AD3d 1076, 1077).
Here, a preponderance of the evidence established that the subject child was derivatively neglected. The evidence adduced at the fact-finding hearing demonstrated a fundamental defect in the mother's understanding of her duties as a parent and such an impaired level of parental judgment as to create a substantial risk of harm for any child in her care, despite the passage of time between the death of a child that resulted in prior findings of abuse and the birth of the subject child (see Matter of Elijah G. [Chastity G.], 184 AD3d 825, 827; see also Matter of Zaniah T. [Deshaun T.], 216 AD3d 1173, 1175; Matter of Serenity R. [Truman C.], 215 AD3d 854, 857). Moreover, the Family Court was entitled to draw the strongest negative inference against the mother for her failure to testify (see Matter of Kristina I. [Al Quran F.], 163 AD3d 565, 567).
The mother's remaining contention is without merit.
CONNOLLY, J.P., MALTESE, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court