Matter of Janiyah S. (Pedro H.) (2024 NY Slip Op 02057)

Matter of Janiyah S. (Pedro H.)

2024 NY Slip Op 02057

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2023-02588
2023-05239
2023-05241
 (Docket Nos. N-14586-21, N-14587-21, N-14588-21)

[*1]In the Matter of Janiyah S. (Anonymous). Administration for Children's Services, respondent; Pedro H. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of DaNyla S. (Anonymous). Administration for Children's Services, respondent; Pedro H. (Anonymous), appellant. (Proceeding No. 2.) (and another proceeding)

Brooklyn Defender Services, Brooklyn, NY (Kathryn V. Lissy and Charmaine Paula Archer of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Hannah J. Sarokin of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Pedro H. appeals from (1) an order of fact-finding of the Family Court, Kings County (Jacqueline B. Deane, J.), dated February 9, 2023, (2) an order of disposition of the same court dated May 19, 2023, and (3) an order of protection of the same court, also dated May 19, 2023. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that Pedro H. neglected the child Janiyah S. and derivatively neglected the child DaNyla S. The order of disposition, insofar as appealed from, upon the order of fact-finding and after a dispositional hearing, placed Pedro H. under the supervision of the petitioner until February 19, 2024, and directed Pedro H. to submit to a mental health evaluation, participate in individual counseling, and sign HIPAA releases. The order of protection, inter alia, directed that Pedro H. have no contact with the subject children until and including February 19, 2024.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the portion of the order of fact-finding appealed from was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed Pedro H. under the supervision of the petitioner until February 19, 2024, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the appeal from the order of protection is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that Pedro H. (hereinafter Pedro), the live-in boyfriend of the nonrespondent mother, neglected the child Janiyah S. and derivatively neglected the child DaNyla S. After a fact-finding hearing, the Family Court found that ACS established, by a preponderance of the evidence, that Pedro neglected Janiyah S. and derivatively neglected DaNyla S. In an order of disposition dated May 19, 2023, the court, among other things, placed Pedro under the supervision of ACS until February 19, 2024, and directed Pedro to submit to a mental health evaluation, participate in individual counseling, and sign HIPAA releases. The court also issued an order of protection, inter alia, directing that Pedro have no contact with the subject children until and including February 19, 2024. Pedro appeals.
The appeal from the order of protection must be dismissed as academic because that order expired by its own terms and imposes no enduring consequences on Pedro (see Matter of Nicholas M. [Robert M.], 224 AD3d 689; Matter of Nicholas M. [Lisa B.], 211 AD3d 950, 951). The appeal from so much of the order of disposition as placed Pedro under the supervision of ACS until February 19, 2024, has been rendered academic, since the period of supervision has expired by its own terms (see Matter of Serenity R. [Truman C.], 215 AD3d 854, 856-857; Matter of Aliyah T. [Jaivon T.], 174 AD3d 722, 723). However, since the adjudication of neglect constitutes a permanent and significant stigma that might indirectly affect Pedro's status in future proceedings, the appeal from so much of the order of disposition as brings up for review the findings of neglect is not academic (see Matter of Serenity R. [Truman C.], 215 AD3d at 857; Matter of Aliyah T. [Jaivon T.], 174 AD3d at 723).
In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence (see id. § 1046[b][i]; Matter of Jada W. [Fanatay W.], 219 AD3d 732, 737). To satisfy this burden, ACS may rely upon prior out-of-court statements of the subject children, provided that they are sufficiently corroborated (see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 118-119; Matter of Ashley G. [Eggar T.], 163 AD3d 963, 964). Corroboration is not required because statements of children are generally unreliable but because the out-of-court statements are hearsay and Family Court Act § 1046(a)(vi) requires some further evidence to establish their reliability (see Matter of Nicole V., 71 NY2d at 118). "'Any other evidence tending to support the reliability of the previous statements . . . shall be sufficient corroboration'" (Matter of Zeeva M. [Abraham M.], 126 AD3d 799, 800, quoting Family Ct Act § 1046[a][vi]; see Matter of Alven V. [Ketly M.], 194 AD3d 725, 726). "In article 10 proceedings, the Family Court has 'considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse'" (Matter of Nyla S. [Jason B.], 224 AD3d 691, 692, quoting Matter of Christina F., 74 NY2d 532, 536 [internal quotation marks omitted]).
Contrary to Pedro's contention, ACS established, by a preponderance of the evidence, that Janiyah S. was neglected as a result of his failure to provide her with proper supervision and guardianship by inappropriately touching her buttocks while she was sleeping in her bed (see Family Ct Act § 1012[f][i][B]). Where the Family Court is primarily confronted with issues of credibility, its factual findings must be accorded considerable deference on appeal (see Matter of Cheryale B. [Michelle B.], 121 AD3d 976, 977; Matter of Alexis S. [Edward S.], 115 AD3d 866, 867). In this case, the Family Court's determination that ACS established that Pedro neglected Janiyah S. is [*2]supported by the record. We conclude that the court providently exercised its discretion in determining that Janiyah S.'s out-of-court statements were reliably corroborated by a video depicting her interview at a child advocacy center, which the court viewed during the fact-finding hearing, and that the record as a whole supported a finding of neglect (see Matter of Christina F., 74 NY2d at 537; Matter of Steven Glenn R., 51 AD3d 802, 803; Matter of Kristina R., 21 AD3d 560, 562; Matter of Besthani M., 13 AD3d 452, 453; see also Family Ct Act § 1046[a][vi]).
Furthermore, while Pedro correctly contends that a violation of an order of protection, standing alone, is insufficient to establish neglect (see Matter of Abbygail H.M.G. [Christine Y.], 129 AD3d 722, 723; Matter of Jada K.E. [Richard D.E.], 96 AD3d 744, 745), where, as here, such a violation is combined with other evidence demonstrating a marked lack of parental judgment, it is a relevant and appropriate factor to consider in conjunction with the overall finding of neglect (see Matter of Kieran XX. [Kayla ZZ.], 154 AD3d 1094, 1096; Matter of Paige AA. [Anthony AA.], 85 AD3d 1213, 1217).
Contrary to Pedro's contention, the Family Court's finding that he derivatively neglected DaNyla S. was supported by a preponderance of the evidence. "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (Family Ct Act § 1046[a][i]). There is no per se rule that a finding of abuse or neglect of one sibling requires a finding of derivative abuse or neglect with respect to other siblings (see Matter of Nash D. [Daniel D.], 224 AD3d 749). The focus of the inquiry with respect to derivative findings is whether the evidence of abuse or neglect of another child or children demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for the other child or children in the parent's care (see Matter of Marino S., 100 NY2d 361, 374; Matter of Nash D. [Daniel D.], 224 AD3d 749). Here, the evidence adduced at the fact-finding hearing demonstrated, by a preponderance of the evidence, a fundamental defect in Pedro's understanding of the duties of a person with legal responsibility for the care of children and such an impaired level of judgment as to create a substantial risk of harm for any child in his care (see Matter of Nyla S. [Jason B.], 224 AD3d 691; Matter of Taurice M. [Gregory A.], 147 AD3d 844, 845).
Accordingly, the Family Court properly found that Pedro neglected Janiyah S. and derivatively neglected DaNyla S. (see generally Matter of Naphtali A. [Winifred A.], 165 AD3d 781, 784).
The order of disposition, which directed Pedro, inter alia, to submit to a mental health evaluation and participate in individual counseling, was in the best interests of the subject children (see Matter of Jaheem M. [Cymon M.], 174 AD3d 610, 611; Matter of Salvatore M. [Nicole M.], 104 AD3d 769, 770).
LASALLE, P.J., CHAMBERS, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court