Matter of Leah S. (Barnett V.) (2024 NY Slip Op 03050)

Matter of Leah S. (Barnett V.)

2024 NY Slip Op 03050

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2021-06359
2021-06360
2021-06361
 (Docket Nos. N-6177-18, N-6178-18)

[*1]In the Matter of Leah S. (Anonymous). Administration for Children's Services, respondent; Barnett. (Anonymous), et al., appellants. (Proceeding No. 1)
In the Matter of Liana S. (Anonymous). Administration for Children's Services, respondent; Barnett V. (Anonymous), et al., appellants. (Proceeding No. 2)

Tammi D. Pere, Jamaica, NY, for appellant Barnett V.
Warren S. Hecht, Forest Hills, NY, for appellant Anjanette S.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Susan Paulson and Benjamin H. Pollak of counsel), for respondent.
Jennifer Arditi, Maspeth, NY, attorney for the child Leah S.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, attorney for the child Liana S.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father and the mother separately appeal from (1) an order of fact-finding of the Family Court, Kings County (Melody Glover, J.), dated May 25, 2021, (2) an order of disposition of the same court dated August 11, 2021, and (3) an order of disposition of the same court also dated August 11, 2021. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the father and the mother neglected the child Leah S. and derivatively neglected the child Liana S. The first order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, placed the child Leah S. in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The second order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, placed the mother and the father under the supervision of the petitioner for a period of three months.
ORDERED that the appeals from the order of fact-finding are dismissed, without costs or disbursements, as the order of fact-finding was superseded by the orders of disposition and is brought up for review on the appeals from the orders of disposition; and it is further,
ORDERED that the appeals from so much of the first order of disposition as placed the child Leah S. in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing are dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the appeals from so much of the second order of disposition as placed the father and the mother under the supervision of the petitioner for a period of three months are dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.
The appeals from so much of the first order of disposition dated August 11, 2021, as placed the child Leah S. (hereinafter the older child) in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing must be dismissed as academic, as the older child is now over the age of 18 and is no longer subject to the custody provisions of the first order of disposition (see Family Ct Act § 119[c]; Matter of Jermaine T. [Jairam T.], 193 AD3d 943, 945). The appeals from so much of the second order of disposition dated August 11, 2021, as placed the father and the mother under the supervision of the petitioner for a period of three months must be dismissed as academic, as the period of supervision has expired by its own terms (see Matter of Janiyah S. [Pedro H.], ___ AD3d ___, ___, 2024 NY Slip Op 02057, *1 [2d Dept]; Matter of Serenity R. [Truman C.], 215 AD3d 854, 855).
The appeals from the orders of disposition bring up for review the findings that the father and the mother neglected the older child and derivatively neglected the child Liana S. (hereinafter the younger child) and are not academic, since the adjudication of neglect constitutes a permanent and significant stigma that might indirectly affect each parent's status in future proceedings (see Matter of Janiyah S. [Pedro H.], ___ AD3d at ___, 2024 NY Slip Op 02057, *1; Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773).
"In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Janiyah S. [Pedro H.], ___ AD3d at ___, 2024 NY Slip Op 02057, *1; see Family Ct Act § 1046[b][i]; Matter of Jada W. [Fanatay W.], 219 AD3d 732, 737). "[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Family Ct Act § 1046[b][i]; Matter of Xierra N. [Lewis N.], ___ AD3d ___, ___, 2024 NY Slip Op 01927, *1 [2d Dept]). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Kishanda S. [Stephan S.], 190 AD3d 747, 748 [internal quotation marks omitted]; see Matter of Alexander S. [Gabriel H.], 224 AD3d 907, 909).
"Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Kishanda S. [Stephan S.], 190 AD3d at 748 [internal quotation marks omitted]; see Matter of Elisa V. [Hung V.], 159 AD3d 827, 828). "A single incident of excessive corporal punishment may suffice to sustain a finding of neglect" (Matter of Kishanda S. [Stephan S.], 190 AD3d at 748 [internal quotation marks omitted]; see Matter of Elisa V. [Hung V.], 159 AD3d at 828).
"Where a person's conduct toward one child demonstrates a fundamental defect in the parent's understanding of the duties of parenthood, or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in his or her care, an adjudication of derivative neglect with respect to the other children is warranted" (Matter of [*2]Zephaniah Z. [Charlene F.], 220 AD3d 800, 801 [internal quotation marks omitted]; see Matter of Faith A.M. [Faith M.], 191 AD3d 884, 884-885). "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (Family Ct Act § 1046[a][i]; see Matter of Faith A.M. [Faith M.], 191 AD3d at 885).
Here, a preponderance of the evidence supported the Family Court's findings that the father and the mother neglected the older child by inflicting excessive corporal punishment on her and failing to seek medical attention despite being aware that she engaged in multiple instances of self-harm (see Family Ct Act § 1046[b][i]; see also Matter of Zaniah T. [Deshaun T.], 216 AD3d 1173, 1175; Matter of Samantha B., 5 AD3d 590, 591). There is no basis for disturbing the court's credibility determinations, which are entitled to great deference (see Matter of Zaniah T. [Deshaun T.], 216 AD3d at 1175). Moreover, the infliction of excessive corporal punishment on the older child and the failure to seek medical attention for her evinced a fundamental defect in the understanding of the duties of parenthood and were sufficient to support the court's finding that the younger child was derivatively neglected (see Matter of Delehia J. [Tameka J.], 93 AD3d 668, 669; Matter of Samantha B., 5 AD3d at 591).
Accordingly, the Family Court properly found that the father and the mother neglected the older child and derivatively neglected the younger child.
The father's remaining contention is without merit.
DUFFY, J.P., BARROS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court