Matter of Jazlynn K. (Genesis S.) (2024 NY Slip Op 05102)

Matter of Jazlynn K. (Genesis S.)

2024 NY Slip Op 05102

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2023-05961
2023-05967
2023-05969
2023-05972
2023-05973
2023-05975
 (Docket Nos. N-71-23, N-72-23, N-73-23, N-74-23)

[*1]In the Matter of Jazlynn K. (Anonymous). Orange County Department of Social Services, respondent; Genesis S. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Ray S. (Anonymous), Jr. Orange County Department of Social Services, respondent; Genesis S. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Angelique S. (Anonymous). Orange County Department of Social Services, respondent; Genesis S. (Anonymous), appellant. (Proceeding No. 3.)
In the Matter of Jamaralyse W. (Anonymous). Orange County Department of Social Services, respondent; Genesis S. (Anonymous), appellant. (Proceeding No. 4.)

Alex Smith, Middletown, NY, for appellant.
Richard B. Golden, County Attorney, Goshin, NY (Eve I. Lincoln of counsel), for respondent.
Robert M. Rametta, Goshen, NY, attorney for the children Jazlynn K. and Jamaralyse W.
Mark Specthrie, Middletown, NY, attorney for the children Ray S., Jr., and Angelique S.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) three orders of fact-finding of the Family Court, Orange County (Christine P. Krahulik, J.), all dated May 8, 2023, (2) two orders of disposition of the same court dated May 8, 2023, and (3) [*2]an order of disposition of the same court dated May 9, 2023. The first order of fact-finding, after a fact-finding hearing, found that the mother neglected the child Jazlynn K. The second order of fact-finding, after a fact-finding hearing, found that the mother neglected the children Ray S., Jr., and Angelique S. The third order of fact-finding, after a fact-finding hearing, found that the mother neglected the child Jamaralyse W. The first order of disposition dated May 8, 2023, upon the first order of fact-finding and after a dispositional hearing, inter alia, placed the mother and the child Jazlynn K. under the supervision of the petitioner for a period of 12 months. The second order of disposition dated May 8, 2023, upon the second order of fact-finding and after a dispositional hearing, inter alia, placed the mother and the children Ray S., Jr., and Angelique S. under the supervision of the petitioner for a period of 12 months. The order of disposition dated May 9, 2023, upon the third order of fact-finding and after a dispositional hearing, inter alia, placed the mother and the child Jamaralyse W. under the supervision of the petitioner for a period of 12 months.
ORDERED that the appeals from the orders of fact-finding are dismissed, without costs or disbursements, as the orders of fact-finding were superseded by the orders of disposition and are brought up for review on the appeals from the orders of disposition; and it is further,
ORDERED that the appeals from so much of the orders of disposition as placed the mother and the subject children under the supervision of the petitioner for a period of 12 months are dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging that the mother neglected the subject children. After a fact-finding hearing, the Family Court found that the mother neglected the children by inflicting excessive corporal punishment. The mother appeals.
The appeals from so much of the orders of disposition as placed the mother and the subject children under the supervision of the petitioner for a period of 12 months must be dismissed as academic, as the period of supervision has expired by its own terms (see Matter of Leah S. [Barnett V.], 228 AD3d 667, 668). However, since the adjudication of neglect constitutes a permanent and significant stigma that might indirectly affect the mother's status in future proceedings, the appeals from so much of the orders of disposition as bring up for review the findings of neglect are not academic (see Matter of Janiyah S. [Pedro H.], 226 AD3d 909, 910).
"In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence" (id.; see Family Ct Act § 1046[b][i]). "'[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship'" (Matter of Leah S. [Barnett V.], 228 AD3d at 668, quoting Nicholson v Scoppetta, 3 NY3d 357, 368).
"'In neglect proceedings, [u]nsworn out-of-court statements of the [children] may be received and, if properly corroborated, will support a finding of abuse or neglect'" (Matter of Nathaniel I.G. [Marilyn A.P.], 227 AD3d 806, 807, quoting Matter of Mariliz G. [Jamie G.], 207 AD3d 627, 629; see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 117-118). "'Corroboration means any other evidence tending to support the reliability of the previous statements'" (Matter of Nathaniel I.G. [Marilyn A.P.], 227 AD3d at 807, quoting Matter of Alexander S. [Gabriel H.], 224 AD3d 907, 909). "Siblings' out-of-court statements may cross-corroborate each other when they independently and consistently describe similar incidents of abuse or neglect" (Matter of Alexander S. [Gabriel H.], 224 AD3d at 909). "Moreover, the Family Court may disregard a child's recantation of a prior allegation if the court determines that the recantation is not credible" (Matter of Mariliz G. [Jamie G.], 207 AD3d at 629). "'Great deference is given to [*3]the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor'" (Matter of Leah S. [Barnett V.], 228 AD3d at 668, quoting Matter of Kishanda S. [Stephan S.], 190 AD3d 747, 748).
Here, the petitioner established by a preponderance of the evidence that the mother neglected the children by inflicting excessive corporal punishment on one of the children in the presence of two of the other children (see Matter of Sama A. [Safaa S.], 224 AD3d 677, 679; Matter of Zaniah T. [Deshaun T.], 216 AD3d 1173, 1175). "'Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect'" (Matter of Leah S. [Barnett V.], 228 AD3d at 668-669, quoting Matter of Kishanda S. [Stephan S.], 190 AD3d at 748). "'A single incident of excessive corporal punishment may suffice to sustain a finding of neglect'" (id. at 669, quoting Matter of Kishanda S. [Stephan S.], 190 AD3d at 748). Contrary to the mother's contention, the Family Court providently exercised its discretion in determining that the children's out-of-court statements to the petitioner's caseworker were adequately corroborated (see Matter of Logan P. [Kendell P.], 228 AD3d 867, 869; Matter of Alexander S. [Gabriel H.], 224 AD3d at 909). The court's determination that the in-court recantation of one of the children was unreliable is supported by the record and entitled to deference (see Matter of Elisa V. [Hung V.], 159 AD3d 827, 828-829).
The mother's remaining contentions are without merit.
DUFFY, J.P., CHRISTOPHER, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court