Matter of Kiyoshi J.-E. (Jusinta J.-E.)
2026 NY Slip Op 02652
April 29, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Kiyoshi J.-E. (Anonymous). Administration for Children's Services, respondent; Jusinta J.-E. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Brycen J.-E. (Anonymous). Administration for Children's Services, respondent; Jusinta J.-E. (Anonymous), appellant. (Proceeding No. 2.)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on April 29, 2026
2024-02000, 2024-02008, 2024-02165, (Docket Nos. N-4205-19, N-4206-19, V-19449-23, V-19450-23)
Hector D. Lasalle, P.J.
Cheryl E. Chambers
Janice A. Taylor
Phillip Hom, JJ.

Kyle Sosebee, Brooklyn, NY, for appellant.
Steven Banks, Corporation Counsel, New York, NY (Deborah A. Brenner and Diana Lawless of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Hannah Kaplan of counsel), attorney for the children.
In a proceeding pursuant to Family Court Act article 10, and related proceedings pursuant to Family Court Act article 6, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Joan L. Piccirillo, J.), dated August 13, 2021, (2) an amended order of disposition of the same court dated February 23, 2024 and (3) an order of dismissal of the same court, also dated February 23, 2024. The order of fact-finding, after a hearing, found that the mother neglected the child Brycen J.-E. and derivatively neglected the child Kiyoshi J.-E. The amended order of disposition, insofar as appealed from, released the subject children to the nonrespondent father, placed the mother under the supervision of the Administration for Children's Services through February 23, 2024, at 5:00 p.m., and directed the mother to submit to a comprehensive mental health evaluation. The order of dismissal dismissed the mother's petitions for custody and visitation of the subject children without prejudice.

[*1]
DECISION & ORDER
Motion by the attorney for the children to dismiss so much of the appeals as challenge the release of the subject children to the nonrespondent father and dismissed the custody and visitation petitions on the ground the those issues have been rendered academic by subsequent orders. By decision and order on motion of this Court dated December 18, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the motion is granted; and it is further,
ORDERED that the appeal from so much of the amended order of disposition as released the subject children to the nonrespondent father and placed the mother under the supervision of the Administration for Children's Services through February 23, 2024, at 5:00 p.m., is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the appeal from the order of dismissal is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the amended order of disposition and is brought up for review on the appeal from the amended order of disposition; and it is further,
ORDERED that the amended order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from the order of dismissal, which dismissed the mother's petitions for custody and visitation, must be dismissed as academic, as it has been superseded by an order of the Petersburg, Virginia Juvenile and Domestic Relations District Court, dated July 19, 2024, granting sole legal and physical custody of the subject children to the paternal grandparents (hereinafter the Virginia custody order).
The appeal from so much of the amended order of disposition as released the children to the nonrespondent father must be dismissed as academic as it has been superseded by the Virginia custody order granting sole legal and physical custody of the children to the paternal grandparents.
The appeal from so much of the amended order of disposition as placed the mother under the supervision of the Administration for Children's Services through February 23, 2024, at 5:00 p.m. must be dismissed as academic, as the period of supervision has expired by its own terms (see Matter of Leah S. [Barnett V.], 228 AD3d 667).
The appeal from so much of the amended order of disposition as brings up for review the finding that the mother neglected the child Brycen J.-E. and derivatively neglected the child Kiyoshi J.-E. is not academic, since the adjudication of neglect constitutes a permanent and significant stigma, which might indirectly affect the mother's status in future proceedings (see Matter of Janiyah S. [Peddro H.], 226 AD3d 909; Matter of Eliora B. [Kennedy B.], 146 AD3d 772).
"In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Janiyah S. [Pedro H.], 226 AD3d at 910; see Family Ct Act § 1046[b][i]; Matter of Jada W. [Fanatay W.], 219 AD3d 732, 737). "[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Family Ct Act §§ 1012[f][i][B], 1046[b][i]; Matter of Xierra N. [Lewis N.], 226 AD3d 790, 790-791). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Kishanda S. [Stephan S.], 190 AD3d 747, 748 [internal quotation marks omitted]; see Matter of Alexander S. [Gabriel H.], 224 AD3d 907, 909).
"Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Kishanda S. [Stephan S.], 190 AD3d at 748 [internal quotation marks omitted]; see Family Ct Act § 1012[f][i][B]; Matter of Elisa V. [Hung V.], 159 AD3d 827, 828). "A single incident of excessive corporal punishment may suffice to sustain a finding of neglect" (Matter of Kishanda S. [Stephan S.], 190 AD3d at 748 [internal quotation marks omitted]; see Matter of Elisa V. [Hung V.], 159 AD3d at 828).
"Where a person's conduct toward one child demonstrates a fundamental defect in the parent's understanding of the duties of parenthood, or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in his or her care, an adjudication of derivative neglect with respect to the other children is warranted" (Matter of Zephaniah Z. [Charlene F.], 220 AD3d 800, 801 [internal quotation marks omitted]; see Matter of Faith A.M. [Faith M.], 191 AD3d 884, 884-885). "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (Family Ct Act § 1046[a][i]; see Matter of Faith A.M. [Faith M.], 191 AD3d at 885).
Here, a preponderance of the evidence supported the Family Court's finding that the mother neglected the child Brycen J.-E. by inflicting excessive corporal punishment on him and leaving bruising on his face (see Family Ct Act §§ 1012[f][i][B], 1046[b][i]; see also Matter of Zaniah T. [Deshaun T.], 216 AD3d 1173, 1175; Matter of Samantha B., 5 AD3d 590, 591). There is no basis for disturbing the court's credibility determinations, which are entitled to great deference (see Matter of Zaniah T. [Deshaun T.], 216 AD3d at 1175). Moreover, the infliction of excessive corporal punishment on the child Brycen J.-E. evinced a fundamental defect in the understanding of the duties of parenthood and were sufficient to support the court's finding that the mother derivativly neglected the child Kiyoshi J.-E. (see Matter of Delehia J. [Tameka J.], 93 AD3d 668, 669; Matter of Samantha B., 5 AD3d at 591).
The mother's challenges to so much of the amended order of disposition as directed her to submit to a comprehensive mental health evaluation is not academic (see Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 580). With respect to that portion of the amended order of disposition, we agree with the Family Court that the challenged directive was in the children's best interest (see Bobby J.C. [Faith C.], 124 AD3d 648).
LASALLE, P.J., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court