Matter of Mia M.M.-S. (Desiree M.D.)
2026 NY Slip Op 03443
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Mia M. M.-S. (Anonymous). Administration for Children's Services, respondent; Desiree M.-D. (Anonymous), appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2025-01901, (Docket No. N-8864-24)
Colleen D. Duffy, J.P.
Betsy Barros
Barry E. Warhit
Lisa S. Ottley, JJ.

Diana Kelly, Jamaica, NY, for appellant.
Steven Banks, Corporation Counsel, New York, NY (Jamison Davies and Alex Fumelli of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Margaret Morgan, J.), dated January 16, 2025. The order of disposition, insofar as appealed from, was entered upon an order of fact-finding of the same court, also dated January 16, 2025, made after a fact-finding hearing, finding that the mother neglected the subject child.
ORDERED that order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child by inflicting excessive corporal punishment upon her. After a fact-finding hearing, the Family Court found that the mother neglected the child. The mother appeals.
"In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Elisa V. [Hung V.], 159 AD3d 827, 828; see Family Ct Act § 1046[b][i]). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Kishanda S. [Stephan S.], 190 AD3d 747, 748 [internal quotation marks omitted]; see Matter of Alexander S. [Gabriel H.], 224 AD3d 907, 909). "Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Cheryale B. [Michelle B.], 121 AD3d 976, 977; see Matter of Kishanda S. [Stephan S.], 190 AD3d at 748).
Here, ACS established by a preponderance of the evidence that the mother neglected the child by inflicting excessive corporal punishment on her (see Matter of Zaniah T. [Deshaun T.], 216 AD3d 1173, 1175). The credible evidence adduced at the fact-finding hearing established that the mother initiated an altercation with the child and physically attacked her, leaving red marks on the child's face and right ear (see Matter of Zana C. [Dana F.], 171 AD3d 1045, 1047). Furthermore, while a single incident of excessive corporal punishment may suffice to sustain a finding of neglect (see Matter of Elisa V. [Hung V.], 159 AD3d at 828), there was evidence presented at the fact-finding hearing of at least one additional incident involving the mother's use of excessive corporal punishment against the child (see Matter of Zana C. [Dana F.], 171 AD3d at 1047; Matter of Sheneika V., 20 AD3d 541, 542).
Accordingly, the Family Court properly found that the mother neglected the child.
DUFFY, J.P., BARROS, WARHIT and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court